**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————X
                                                          :
LOIS ENNIS aka LOIS EVANS aka LOIS      :
EVANS-ENNIS, on behalf of herself and all others :
similarly situated,                                        :
                                                          :    Civil Action No.
                        Plaintiff,                       :
                                                          :    **CLASS ACTION COMPLAINT AND**
vs.                                                       :    **JURY TRIAL DEMAND**
                                                          :
SHAPIRO & DENARDO, LLC,                  :
                                                          :
                        Defendant.                     :
——————————————————— X

Plaintiff LOIS ENNIS aka LOIS EVANS aka LOIS EVANS-ENNIS (hereinafter

"Plaintiff"), on behalf of herself and all others similarly situated, by and through her

undersigned attorney, alleges against the above-named Defendant SHAPIRO &

DENARDO, LLC (hereinafter "Defendant"), its employees, agents, and successors, the

following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for actual and statutory damages and

declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of New Castle, Delaware and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief defendant SHAPIRO & DENARDO, LLC ("S&D" or "Defendant") is a New Jersey law firm operating as a limited liability company with its principal place of business located at 1400 Commerce Parkway, Suite

B, Mount Laurel, New Jersey 08054.

9.     Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).


## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a class action. The Class consists of:

**Class 1**
All New Jersey consumers who were sent an initial written communication or notice which contained the same or substantially similar language: "The Fair Debt Collection Practices Act entitles you to dispute the validity of the debt, or any portion thereof, within thirty (30) days of your receipt of this notice.  If you do not dispute the debt within that period, it will be presumed to be valid by this office."

**Class 2**
All New Jersey consumers who were sent an initial written communication or notice which contained an amount due as of a date after the date of the communication.

**Class 3**
All New Jersey consumers who were sent a Notice of Motion for Final Judgement, but said Notice of Motion for Final Judgment was not filed with the Court.

**Class 4**
All New Jersey consumers who were sent a Notice of Motion for Final Judgement, but no default had been entered prior to the service of said Motion.

**Class 5**
All New Jersey consumers who were sent one or more letters, mootions and/or notices from Defendant which included the alleged conducts and practices described herein.

• The Class period begins one year prior to the filing of this action. The class definition may be subsequently modified or refined.

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

• Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A and B,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

• There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

4

    a.   Whether Defendant violated various provisions of the FDCPA.

    b.   Whether Plaintiff and the Class have been injured by the

        Defendant's conduct;

    c.   Whether Plaintiff and the Class have sustained damages and

        are entitled to restitution as a result of Defendant's

        wrongdoing, and if so, what is the proper measure and

        appropriate statutory formula to be applied in determining such

        damages and restitution; and

    d.   Whether Plaintiff and the Class are entitled to declaratory

        and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously

and without the duplication of effort and expense that numerous

individual actions would engender. Class treatment will also permit the

adjudication of relatively small claims by many Class members who

could not otherwise afford to seek legal redress for the wrongs

complained of herein.  Absent a Class Action, class members will

continue to suffer losses of statutory protected rights as well as

monetary damages.  If the Defendant's conduct is allowed to proceed

without remedy it will continue to reap and retain the proceeds of its

ill-gotten gains;

• Defendant has acted on grounds generally applicable to the entire

Class, thereby making appropriate final injunctive relief or

corresponding declaratory relief with respect to the Class as a whole.

## **STATEMENT OF FACTS**

13.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is

defined by 15 U.S.C. §1692a(3).

14.    Defendant collects and attempts to collect debts incurred or alleged to

have been incurred for personal, family or household purposes on behalf of creditors

using the United States Postal Service, telephone and/or the Internet.

15.    Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16.    On or about November 9, 2005, Plaintiff allegedly incurred a financial

obligation to Wachovia Bank, National Association ("Wachovia") related to a residential

mortgage for a property located at 12 E. Pitman Street, Penns Grove, New Jersey 08069.

("the Debt").

17.     On or about March 20, 2010, Wachovia Bank was acquired by Wells Fargo Bank, National Association ("Wells Fargo").

18.     The Debt arose out of a transaction in which money, property, insurance or services, which is was the subject of the transaction, was primarily for personal, family or household purposes.

19.     The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.     Wachovia Bank and Wells Fargo Bank are each a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.     Sometime prior to October 21, 2019, Wells Fargo either directly or through intermediate transactions assigned, placed or transferred the Debt to Defendant for collection.

22.     At the time the Debt was assigned, placed or transferred to Defendant, the Debt was in default.

23.     Defendant caused to be delivered to Plaintiff a letter dated October 21, 2019 concerning the Debt.  Attached as Exhibit A is a copy of the October 21, collection letter.

24.     The October 21, 2019 collection letters was Defendant's initial communication to Plaintiff with respect to the Debt.

25.     The October 21, 2019 collection letter was sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26.     The October 21, 2019 collection letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

27.     Upon receipt, Plaintiff read the October 21, 2019 collection letter.

28.    The October 21, 2019 collection letter included the following language:

1.    **As of October 22, 2019** our client has advised us that the amount of of the debt is $89.115/56

. . .

3.    **The Fair Debt Collection Practices Act entitles you to dispute the validity of the debt, or any portion thereof, within thirty (30) days of your receipt of this notice.**  If you do not dispute the debt within that period, it will be presumed to be valid by this office.

("the Debt Verification Language") (emphasis added)

29.    As the October 21, 2019 collection letter was Defendant's initial written communications with Plaintiff, Defendant was required to comply with the debt verification provision of section 1692g of the FDCPA.

30.    Section1692g provides:

**(a) Notice of debt; contents.**  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

31.    Defendant's Debt Verification Language fails to comply with section

1692g(a)(1) since it fails to provide the amount of the debt as of the date of the October 21, 2019 letter.

32.    Rather, the collection letter indicates that balance as of October 22, 2019 – the day after the date on the letter. As such, the collection letter does not accurately reflect the amount of the debt as of the date of the letter, and thus incorrectly lists an amount which is less than the amount due on the letter since interest is accruing.

33.    Furthermore, Defendant's Debt Verification Language also fails to comply with section 1692g(a)(3) since the included language connotes a meaning entirely different from that required by 1692g(3).

34.    Specifically, the implication of Defendant's debt verification language is that Plaintiff, or the least sophisticated consumer, only has 30 days from the receipt of the collection letter under the Fair Debt Collection Practices Act to dispute the debt or any portion thereof. This is far different from the notice required under 1602g(a)(3) which provides that the collector can assume the debt is valid, unless the debt, or any portion thereof, is disputed within 30 days.

35.    Defendant's failure to include a proper section 1692g(a)(3) disclosure in its Debt Verification Language deprived the least sophisticated of his or her right to dispute the debt since it failed to provide the consumer a proper notice of his or her verification rights.

36.    On or about December 11, 2019, Defendant filed a state court foreclosure Complaint against Plaintiff and on behalf of Wells Fargo with respect to the Debt in the Superior Court of New Jersey, Chancery Division, Salem County in a case entitled **Wells Fargo Bank, N.A. vs. Ennis, et. al,** SWC-F-020224-19 (the State Court Action")

37.     After no answer was filed on behalf of Plaintiff in the state court action, on February 14, 2020, Defendant filed a Request for Default.

38.     However, the Court never entered default on behalf of Defendant.

39.     On or about March 19, 2020, Defendant sent Plaintiff a Notice of Motion for Final Judgment, along with a Certification of Proof of Amount Due and Schedule, and a Civil Action Rule 4:64-2(d) Certification of Diligent Inquiry and accuracy of Foreclosure Documents and Factual Assertions.  A copy of the Notice of Motion for Final Judgment is attached as Exhibit B.

40.     The Motion for Final Judgment incorrectly indicated that the amount due was $95,800.99.

41.     The Motion for Final Judgment was sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

42.     The Motion for Final Judgment was a "communication" as defined by 15 U.S.C. § 1692a(2).

43.     However, despite the fact that the Motion for Final Judgment was served upon Plaintiff, the Motion for Final Judgment was never filed with the Court.

44.     Furthermore, the docket in the State Court Action does not indicate that a default was ever entered against Plaintiff in response to Defendant's Request to Enter Default.

45.     Additionally, the fact that the Motion for Final Judgment was served, but never filed, would lead the least sophisticated consumer to believe that judgment would be entered against him or her if no timely objection was filed to the motion.

46.     Additionally, since no Default was ever entered against Plaintiff,

Defendant could not file or serve a motion for Final Judgment.

47.     Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

48.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

49.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

50.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

51.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

52.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

53.     Defendant's collection letters provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate and trustworthy information regarding his rights under the FDCPA.

54.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

55.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose

of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

56.     As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

57.     Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

58.     The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

59.     Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will he hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

60.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

61.     It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A and/or B**, which violate the FDCPA, by *inter alia*:

> (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

> (b)     By failing to properly communicate debt verification rights; and

(c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

62.    On information and belief, Defendant sent written communications, in the form annexed hereto as Exhibit A and/or B to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

63.    Plaintiff repeats the allegations contained in paragraphs 1 through 62 as if the same were set forth at length.

64.    Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

65.    By sending a collection letter, the same as or substantially similar to the September 26, 2019 and January 9, 2020 collection letters, Defendant violated:

A.    15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.    15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C.    15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D.    15 U.S.C. §1692e(5) by threating to take any action that cannot legally be taken or this is not intended to be taken;

E.  15 U.S.C. §1692e(8) by threating to take any action that cannot legally be taken or this is not intended to be taken;

F.   15 U.S.C. §1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

G.  15 U.S.C. §1692e(13) by the false representation or implication that documents are legal process;

H.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

I.   15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

J.   15 U.S.C. §1692g by failing to provide Plaintiff with his statutory verification rights.

K.  15 U.S.C. §1692g(a)(1) by failing to provide Plaintiff with his statutory verification rights.

L.   15 U.S.C. §1692g(a)(3) by failing to provide Plaintiff with his statutory verification rights.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.

Dated:   Rutherford, New Jersey
         October 20, 2020

                              Respectfully submitted,


                         By: s/ Lawrence C. Hersh
                             Lawrence C. Hersh, Esq.
                             17 Sylvan Street, Suite 102B
                             Rutherford, NJ  07070
                             (201) 507-6300
                             *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: October 20, 2020                    By: s/ Lawrence C. Hersh
                                           Lawrence C. Hersh, Esq

EXHIBIT A

**PARTNERS**
GERALD M. SHAPIRO (FL, IL)
DAVID S. KREISMAN (IL)

**MANAGING PARTNER**
CHRISTOPHER A. DENARDO (NJ, PA)

KEVIN S. FRANKEL (NJ, PA)
SAMANTHA GABLE (NJ, PA)
KRYSTIN M. KANE (NJ, NY, RI)
GARY M. KANELLIS (NJ, NY) OfCounsel
MICHELLE L. MCGOWAN (NJ, PA)
JEFFREY RAPPAPORT (NJ)

**MANAGING ATTY.**
KRISTEN D. LITTLE (NJ, PA)

**SUPERVISING ATTY. NJ FCL**
KATHLEEN M. MAGOON (NJ)

## Law Offices of
## Shapiro & DeNardo, LLC

Offices located in New Jersey & Pennsylvania

LESLIE J. RASE (PA)
MORRIS A. SCOTT (NJ, PA)
DONNA L. SKILTON (NJ, PA)
ALISON H. TULIO (NJ, PA)
ELIZABETH L. WASSALL (NJ, PA)
CHARLES G. WOHLRAB (NJ, PA)
KATHERINE M. WOLF (NJ, PA)

October 21, 2019

Lois Ennis a/k/a Lois Evans
68 Valley Forge Road
New Castle, DE 19720

Re:     Property Address:     12 E Pitman St, Penns Grove, NJ 08069
        File Number:          WEQ19-026565
        Loan Number:          0602323875

### NOTICE REQUIRED UNDER THE FAIR DEBT COLLECTIONS
### PRACTICES ACT, 15 U.S.C. SECTION 1692, et seq.

The following information is provided to you as required by the Federal Fair Debt Collections
Practices Act:

1.    As of October 22, 2019 our client has advised us that the amount of the debt is $89,115.56.

2.    The creditor to whom the debt is owed is Wells Fargo Bank, N.A.

3.    The Fair Debt Collection Practices Act entitles you to dispute the validity of the debt, or any
portion thereof, within thirty (30) days of your receipt of this notice. If you do not dispute the debt
within that period, it will be presumed to be valid by this office.

4.    If you notify us in writing within thirty (30) days of the date you receive this letter that you
are disputing the debt or any portion thereof, then this office will obtain and mail to you verification
of the debt.

5.    If you notify us in writing within thirty (30) days of the date you receive the letter, and you
request the name of the original creditor, then this office will obtain and mail you the name and
address of the original creditor if it is different from the current creditor.

Any written requests should be addressed to:

14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856) 793-3080  (847) 627-8809 (Facsimile)

Fair Debt Clerk
SHAPIRO & DeNARDO, LLC
14000 Commerce Parkway
Suite B
Mount Laurel, NJ 08054

At this time, no attorney within this firm has personally reviewed the circumstances of your account.

Please be advised that if your personal liability for this debt has been modified or extinguished by a discharge or order in bankruptcy, this notice is provided solely to foreclose the mortgage on your property and is not an attempt to collect the discharged personal obligation.

PURSUANT TO THE FAIR DEBT COLLECTIONS PRACTICES ACT, YOU ARE ADVISED THAT THIS OFFICE MAY BE DEEMED A DEBT COLLECTOR. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.

EXHIBIT B

WEQ19-026565
SHAPIRO & DENARDO, LLC
14000 COMMERCE PARKWAY, SUITE B
MOUNT LAUREL, NJ 08054
(856) 793-3080
CHRISTOPHER A. DENARDO - 250782017
KRYSTIN M. KANE - 171402015
KATHLEEN M. MAGOON - 040682010
DONNA L. SKILTON - 013072007
CHARLES G. WOHLRAB - 016592012
ELIZABETH L. WASSALL - 023211995
JEFFREY RAPPAPORT - 003431991
KRISTEN D. LITTLE - 017411997
SAMANTHA GABLE - 150622016

| | |
|---|---|
| Wells Fargo Bank, N.A.<br><br>    PLAINTIFF,<br>    vs.<br><br>Lois Evans a/k/a Lois Ennis a/k/a Lois Evans-Ennis; Dennis Rojet Brown and Mrs. Dennis Rojet Brown, his wife; Montville Oral Surgery Associates; United States of America; County of Cumberland; State of New Jersey<br><br>    DEFENDANTS | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>SALEM COUNTY<br>    Docket No: F-020224-19<br><br>CIVIL ACTION<br><br>**NOTICE OF MOTION<br>FOR FINAL JUDGMENT** |

Lois Evans a/k/a Lois Ennis a/k/a Lois Evans-Ennis
12 E Pitman Street
Penns Grove, NJ 08069

Lois Evans a/k/a Lois Ennis a/k/a Lois Evans-Ennis
68 Valley Forge Road
New Castle, DE 19720

Dennis Rojet Brown
12 E Pitman St
Penns Grove, NJ 08069

Tenant
12 E Pitman St
Penns Grove, NJ 08069

PLEASE TAKE NOTICE THAT we shall apply before the Office of Foreclosure, at the

Hughes Justice Complex, 6th Floor, North Wing, Market Street, Trenton, NJ 08628 for the

entry of judgment in this action in favor of the plaintiff for the relief demanded in the complaint and shall file the proof required by Rule 4:64-2. Judgment sought will be entered in the discretion of the court unless the attorney or *pro se* party on whom it has been served notifies in writing the Office of Foreclosure and the attorney for the moving party or the *pro se* party within ten days after the date of service of the motion that the responding party objects to the entry of the order.

**IF YOU WANT TO OBJECT TO THE CALCULATION OF AMOUNT DUE, YOU MUST DO SO IN WRITING WITHIN 10 DAYS AFTER THE DAY YOU RECEIVED THIS MOTION. ANY OBJECTION TO THE CALCULATION OF AMOUNT DUE MUST ADDRESS AND DETAIL WITH SPECIFICITY THE BASIS OF THE OBJECTION TO THE AMOUNT DUE. YOU MUST FILE YOUR OBJECTION WITH THE OFFICE OF FORECLOSURE, P.O. BOX 971, 25 MARKET STREET, TRENTON, NEW JERSEY 08625, AND SERVE A COPY ON THE MOVING PARTY. THE OFFICE OF FORECLOSURE DOES NOT CONDUCT HEARINGS. YOUR PERSONAL APPEARANCE AT THE OFFICE WILL NOT QUALIFY AS AN OBJECTION. IF YOU FILE A SPECIFIC OBJECTION TO THE CALCULATION OF THE AMOUNT DUE, ON RECEIPT OF A SPECIFIC OBJECTION TO THE CALCULATION OF THE AMOUNT DUE PURSUANT TO *R. 4:64-1(d)(a)(A)*, THE OFFICE OF FORECLOSURE SHALL REFER THE MATTER TO THE JUDGE IN THE COUNTY OF VENUE, WHO SHALL SCHEDULE SUCH FURTHER PROCEEDINGS AND NOTIFY THE PARTIES OF THEIR ATTORNEYS OF THE TIME AND PLACE THEREOF.**

Please note that no hearing will take place at the time and place above, as the Office of Foreclosure is not a hearing office. An appearance is not required.

Shapiro & DeNardo, LLC

By:    /s/ Donna L. Skilton, Esquire
       Attorney for Plaintiff

Dated: 03/19/2020

WEQ19-026565
Shapiro & DeNardo, LLC
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856) 793-3080
Christopher A. DeNardo - 250782017
Krystin M. Kane - 171402015
Kathleen M. Magoon - 040682010
Donna L. Skilton - 013072007
Charles G. Wohlrab - 016592012
Elizabeth L. Wassall - 023211995
Jeffrey Rappaport - 003431991
Kristen D. Little - 017411997
Samantha Gable - 150622016
Attorneys for Plaintiff

| | |
|---|---|
| Wells Fargo Bank, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>LOIS EVANS A/K/A LOIS ENNIS A/K/A<br>LOIS EVANS-ENNIS; et al.,<br><br>Defendant. | Superior Court of New Jersey<br>Chancery Division Salem County<br>General Equity<br><br>Docket No: F-020224-19<br><br>CIVIL ACTION<br>CERTIFICATION OF PROOF OF AMOUNT<br>DUE AND SCHEDULE |

Rosa Michelle Kelly, of full age, hereby states:

1.      I, Rosa Michelle Kelly, am employed by Plaintiff at its Charlotte, North Carolina office as a Vice President Loan Documentation. In the regular performance of my job functions, I am familiar with Wells Fargo's books and business records concerning the Promissory Note and Mortgage loan described in the plaintiff's complaint and maintained by Wells Fargo for the purpose of servicing mortgage loans. These records (which include data compilations, electronically imaged documents and/or others) are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by Wells Fargo. It is the regular practice of Wells Fargo's mortgage servicing business to make these records. In connection with making this affidavit, I have acquired personal knowledge of the matters stated herein by examining business records related to the subject mortgage loan. I am authorized to make this certification on behalf of the Plaintiff.

001-NJ-V8

2.      Said books and business records indicate that the default of the defendant(s)-borrower(s), remains uncured and there is due to the Plaintiff the sum of $95,800.99, as set forth in the Proof of Amount Schedule(s) ("Schedule") annexed hereto. I have reviewed all entries and calculations in the Schedule, and they are correct.

3.      Wells Fargo Bank, N.A., directly or through an agent, has possession of the Promissory Note. Wells Fargo Bank, N.A. is either the original payee of the Promissory Note or the Promissory Note has been duly indorsed.

4.      I understand that the Court will rely upon this certification in support of the Plaintiff's application for a foreclosure judgment in the within action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 03/12/2020

Rosa Michelle Kelly
Vice President Loan Documentation
Wells Fargo Bank, N.A.

001-NJ-V8

**AMOUNT DUE SCHEDULE**

NOTE AND MORTGAGE DATED November 9, 2005

Recorded on November 28, 2005, in Salem County, in Book 01973, Page 00316

Property Address: 12 E Pitman St, Penns Grove, NJ 08069

Mortgage Holder: Wells Fargo Bank, N.A.

**STATEMENT OF AMOUNT DUE**

ayment is

Attachment A

| | |
|---|---|
| 12/08/2018 | 5.750% |
| 01/07/2019 | 6.000% |
| 09/06/2019 | 5.750% |
| 10/07/2019 | 5.500% |
| 12/09/2019 | 5.250% |

WEQ19-026565
Shapiro & DeNardo, LLC
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856) 793-3080
Christopher A. DeNardo - 250782017
Krystin M. Kane - 171402015
Kathleen M. Magoon - 040682010
Donna L. Skilton - 013072007
Charles G. Wohlrab - 016592012
Elizabeth L. Wassall - 023211995
Jeffrey Rappaport - 003431991
Kristen D. Little - 017411997
Samantha Gable - 150622016

| | |
|---|---|
| WELLS FARGO BANK, N.A. <br><br> PLAINTIFF, <br><br> vs. <br><br> LOIS EVANS A/K/A LOIS ENNIS A/K/A LOIS EVANS-ENNIS; DENNIS ROJET BROWN AND MRS. DENNIS ROJET BROWN, HIS WIFE; MONTVILLE ORAL SURGERY ASSOCIATES; UNITED STATES OF AMERICA; COUNTY OF CUMBERLAND; STATE OF NEW JERSEY <br><br> DEFENDANTS | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION SALEM COUNTY <br><br> Docket No: F-020224-19 <br><br> CIVIL ACTION RULE 4:64-2(d) CERTIFICATION OF DILIGENT INQUIRY AND ACCURACY OF FORECLOSURE DOCUMENTS AND FACTUAL ASSERTIONS |

I, the undersigned, of full age, being duly sworn according to law, depose and say:

1.    I am an attorney at law duly licensed to practice in the state of New Jersey and am affiliated with the law firm of Shapiro & DeNardo, LLC, attorneys of record for the plaintiff in the above-captioned residential mortgage foreclosure action. I am responsible for this mortgage foreclosure action and am fully familiar with the pleadings and documents filed in this action and the facts set forth in this certification.

2.    On March 12, 2020, I communicated by mail with the following named

employee(s) of Wells Fargo Bank, N.A., who informed me that he/she personally reviewed the certification of amount due and the original or true copy of the note, mortgage and recorded assignments, if any, about to be submitted to the court; and that he/she confirmed the accuracy of those documents:

      Name of the employee(s):  Rosa Michelle Kelly

      Title of the employee(s):  Vice President Loan Documentation

      Responsibilities of the employee(s):  To review and execute the foreclosure documents, verifying the data presented matches Wells Fargo's business records.

3.    Based on my communication with the above-named employee(s) of the plaintiff or the plaintiff's mortgage loan servicer, as well as my own inspection of the documents about to be filed with the court and other diligent inquiry, I execute this certification to comply with the requirements of Rule 4:64-2(d) and Rule 1:4-8(a).

4.    I am aware that I have a continuing obligation under Rule 1:4-8 to amend this certification if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support for any factual assertion proffered by the plaintiff in any court filings and documents in this case.

      Shapiro & DeNardo, LLC

Dated:    03/19/2020          /s/ Donna L. Skilton, Esquire
                               Attorney for Plaintiff