UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

—————————————————————X
                                  :

LOIS ENNIS aka LOIS EVANS aka LOIS    :
EVANS-ENNIS, on behalf of herself and all others:
similarly situated,                         :

                          :  Civil Action No. 1:20-cv-014788-RBK-
          Plaintiff,    :  KMW

                          :
vs.                             :

                          :
SHAPIRO & DENARDO, LLC,      :

                          :
          Defendant.    :

                          :
—————————————————————X

—————————————————————————————————————

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P.
12(b)(6)**
—————————————————————————————————————

Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all
others similarly situated*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................ iii

PRELIMINARY STATEMENT ...................................... 1

STATEMENT OF FACTS ......................................... 2

ARGUMENT ............................................... 3

   I.  LEGAL STANDARD .................................... 3

  II.  DEFENDANT'S MOTION IMPROPERLY RELIES UPON
      EXTRINSICE EVIDENCE ............................ 4

  III.  PLAINTIFF HAS STATED A CLAIM THAT THE OCTOBER 21, 2019
      COLLECTION LETTER VIOLATES THE FDCPA...…………………………5

      A.  Plaintiff has Stated a Claim that the Collection Letter Violates
          Section 1692g...……………….……………………...……..5

          1.  Section 1692g does not have a Materiality Requirement...….…….6

          2.  Plaintiff has alleged a violation of 1692g(a)(1)...…...…………….7

          3.  Plaintiff has alleged a violation of 1692g(a)(3)...……………….7

      B.  Plaintiff has Stated a Claim that the Collection Letter Violates
          Section 1692e......……………………………………………...9

          1.  Plaintiff as Stated a Claim under section 1692e(2)...…………….9

          2.  Plaintiff as Stated a Claim under section 1692e(8)...……………11

          3.  Plaintiff as Stated a Claim under section 1692e(10)...……………11

  IV.  PLAINTIFF HAS STATED A CLAIM UNDER THE FDCPA WITH
      RESPECT TO THE STATE COURT FORECLOSURE ACTION... …………..12

      A.  Plaintiff has Stated a Claim that the Collection Letter Violates
          Section 1692e...……………….……………………...………..12

i

1.  Plaintiff has stated a claim under Section 1692e(2)………..…………12

2.  Plaintiff has stated a claim under Section 1692e(5)………..…………13

3.  Plaintiff has stated a claim under Section 1692e(13)...……..…………14

B.  Plaintiff Has Stated A Claim that the Collection Letter Violates
    Section 1692f…..…………………………………………………..15

V. SINCE NEW JERSEY IS A JUDICIAL FORECLOSURE STATE,
   DEFENDANT IS CONSIDERED A DEBT COLLECTOR WITHIN THE
   MEANING OF THE FDCPA………..…………………………..………......17

CONCLUSION..............................................................................................................19

## Table of Authorities

Angstadt v. Midd-West Sch. Dist.,
   377 F.3d 338 (3d Cir. 2004) ................................................................ 4-5

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ............................................................................ 3

Baldwin Cnty. Welcome Ctr. v. Brown,
   466 U.S. 147 (1984) ............................................................................ 3

Bell Atlantic v. Twombly,
   550 U.S. 544 (2007) ............................................................................ 3

Berg v. McCalla Raymer Leibert Pierce, LLC,
   2019 U.S. Dist. LEXIS 187993, 2019 WL 5592720 at *2 n.2 (N.D. Ill. Oct. 30, 2019) ........ 18

Beverly Enters., Inc. v. Trump,
   182 F.3d 183 (3d Cir. 1999) ................................................................ 5

Bistrian v. Levi,
   696 F.3d 352 (3d Cir. 2012) ................................................................ 3

Brown v. Card Serv. Ctr.,
   464 F.3d 450 (3d Cir. 2006) ................................................................ 9, 13

Cohen v. Dynamic Recovery Solutions,
   2016 U.S. Dist. LEXIS 97016 (D.N.J. July 15, 2016) ................................ 6

Cohen v. Dynamic Recovery Solutions,
   2016 U.S. Dist. LEXIS 97016 (D.N.J. July 15, 2016) ................................ 16

Covington v. Int'l Ass'n of Approved Basketball Officials,
   710 F.3d 114 (3d Cir. 2013) ................................................................ 4

Crossley v. Lieberman,
   868 F.2d 566 (3d Cir. 1989) ................................................................ 13

Evancho v. Fisher,
   423 F.3d 347 (3d Cir. 2005) ................................................................ 3

Flowers v. Baltax 2017, LLC,
   2019 U.S. Dist. LEXIS 129347, 2019 WL 3501584 at *4 (D. Md. August 1, 2019) ........ 18-19

Fowler v. UPMC Shadyside,
   578 F.3d 203 (3d Cir. 2009) ................................................................ 4

Genova v. IC Sys.,
   2017 U.S. Dist. LEXIS 80046 (D.N.J. May 25, 2017) ................................ 10, 16

Genova v. IC Sys., Inc.,
   2017 WL 2289289 (D.N.J. May 25, 2017) ............................................ 16

Gold v. Shapiro, Dicaro & Barak, LLC,

2019 U.S. Dist. LEXIS 169028, 2019 WL 4752093 at *6 (E.D.N.Y. Sept. 30, 2019) .......... 18

Graziano v. Harrison,
    950 F.2d 107 (3d Cir. 1991) .................................................................................. 7

Grubb v. Green Tree Servicing, LLC,
    2017 U.S. Dist. LEXIS 117465 (D.N.J. July 26, 2017) ........................................ 6

Grubb v. Green Tree Servicing, LLC,
    2017 U.S. Dist. LEXIS 117465 (D.N.J. July 27, 2017) ................................ 9, 10, 16

Hageman v. Barton,
    817 F.3d 611 (8th Cir. 2016) ............................................................................... 15

Hedges v. U.S.,
    404 F.3d 744 (3d Cir. 2005) ................................................................................. 4

In re Burlington Coat Factory Sec. Litig.,
    114 F.3d 1410 (3d Cir.1997) ................................................................................ 4

Jensen v. Pressler & Pressler,
    791 F.3d 413 (3d Cir. 2015) ................................................................................. 9

Kaymark v. Bank of America,
    783 F.3d 168 (3d Cir. 2015)(A) ..................................................................... 15, 17

Kehr Packages, Inc. v. Fidelcor, Inc.,
    926 F.2d 1406 (3d Cir. 1991) ............................................................................... 4

La Mar v. Midfirst Bank,
    2016 U.S. Dist. LEXIS 28867 (D.N.J. March 7, 2016) ...................................... 18

Lloyd v. Pluese, Becker, Saltzman LLC,
    2019 U.S. Dist. LEXIS 199214 (D.N.J.  Nov. 18, 2019) .................................... 18

Obduskey v. McCarthy & Holthus LLP,
    139 S. Ct. 1029, 203 L. Ed. 2d 390 (2019) ........................................................ 17

Pension Benefit Guar. Corp. v. White Consol. Indus.,
    998 F.2d 1192 (3d Cir. 1993) ............................................................................... 5

Phillips v. Cnty. of Allegheny,
    515 F.3d 224 (3d Cir. 2008) ................................................................................. 4

Piccinetti v. Clayton,
    2017 U.S. Dist. LEXIS 143463 (D.N.J. Sept. 5, 2017) ...................................... 13

Pollak v. PRA, LLC,
    285 F.Supp.3d 812 (D.N.J. 2018) ....................................................................... 13

Pollice v. National Tax Funding, L.P.,
    225 F.3d 379 (3d Cir. 2000) ............................................................................... 15

Salvati v. Deutsche Bank Nat'l Trust Co.,

575 Fed. Appx. 49 (3d Cir. 2014) ............................................................................. 15

Scheuer v. Rhoades,
    416 U.S. 232 (1974) ....................................................................................... 3

Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.,
    181 F.3d 410 (3d Cir. 1999) ......................................................................... 4

Tesora v. Lyons, Doughty, Veldhuis, P.C.,
    2017 WL 3207060 (D.N.J. July 28, 2017) .................................................... 15-16

Thomas v. Youderian,
    232 F. Supp. 3d 656, 680 fn. 25 (D.N.J. Feb. 3, 2017) ...................................... 6, 16

## PRELIMINARY STATEMENT

Plaintiff files this opposition to Defendant's Motion to Dismiss.  Specifically, Plaintiff has stated a claim that Defendant's October 21, 2019 collection letter violates multiple sections of the FDCPA.   Additionally, Plaintiff has stated a claim under the FDCPA that the state court action filings violate multiple sections of the FDCPA.

Therefore, Defendant's Motion to Dismiss must be denied in its entirety.

## STATEMENT OF FACTS

Plaintiff is a consumer within the meaning of the FDCPA.  (¶ 13)[1].   Defendant is a debt collector within the meaning of the FDCPA.  (¶¶ 14-15).  In 2005, Plaintiff allegedly incurred a financial obligation to Wachovia Bank, National Association ("Wachovia") related to a residential mortgage for a property located in Penns Grove, New Jersey ("the Debt").  (¶ 16).  On or about March 20, 2010, Wachovia Bank was acquired by Wells Fargo Bank, National Association ("Wells Fargo").  (¶ 17).

The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.  (¶ 18).  The Debt is a "debt" within the meaning of the FDCPA.  (¶ 19).  Wachovia and Wells Fargo are/were each a "creditor" within the meaning of the FDCPA.  (¶ 20).  The Debt, which was in default, was transferred by Wells Fargo to Defendant for purposes of collection.   (¶¶ 21-22).

Defendant caused to be delivered to Plaintiff a letter dated October 21, 2019, a copy of which is attached as Exhibit A to the Complaint ("the Collection Letter").  (¶ 23).

---

[1] All paragraph references in the Statement of Facts refer to the Complaint.

The Collection Letter was Defendant's initial written communication to Plaintiff with respect to the Debt.  (¶ 24). The October 21, 2019 collection letter was sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).  (¶ 24).

As Defendant's initial written collection letter to Plaintiff, the Collection Letter was required to comply with section 1692g and include the disclosures contained therein. (¶ 29).  However, the Collection Letter failed to include the disclosures as required by section 1692g(a).  (¶¶ 31-35).

Furthermore, on or about December 11, 2019, Defendant filed a state court foreclosure complaint against Plaintiff and on behalf of Wells Fargo with respect to the Debt in the Superior Court of New Jersey, Chancery Division, Salem County in a case entitled Wells Fargo Bank, N.A. vs. Ennis, et. al,  SWC-F-020224-19 (the State Court Action").  (¶ 36).  After no answer was filed on behalf of Plaintiff in the state court action, on February 14, 2020, Defendant filed a Request for Default.

However, the state court never entered default on behalf of Defendant in the State Court Action.  (¶ 38).  On or about March 19, 2020, Defendant sent Plaintiff a Notice of Motion for Final Judgment, along with a Certification of Proof of Amount Due and Schedule, and a Civil Action Rule 4:64-2(d) Certification of Diligent Inquiry and accuracy of Foreclosure Documents and Factual Assertions.  The Motion for Final Judgment incorrectly indicated that the amount due was $95,800.99.   (¶¶ 37, 40).  A copy of the Notice of Motion for Final Judgment is attached to the Complaint as Exhibit B.  (¶ 39).

Despite the fact that the Motion for Final Judgment was served upon Plaintiff, the

2

Motion was never filed with the Court. (¶ 43). Furthermore, the docket in the State Court Action does not indicate that a default was ever entered against Plaintiff in response to Defendant's Request to Enter Default. (¶ 44).

## ARGUMENT

### I.  LEGAL STANDARD

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012); Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n. 3 (1984) (quotation and citation omitted).  A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 583 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009).

Following the <u>Twombly/Iqbal</u> standard, the Third Circuit applies a two-part analysis in reviewing a complaint under Rule 12(b)(6).  First, a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  <u>Id.</u>  A complaint must do more than allege the plaintiff's entitlement to relief.  <u>Id.</u>  However, this standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." <u>Phillips v. Cnty. of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 127 U.S. at 1965); see also <u>Covington v. Int'l Ass'n of Approved Basketball Officials</u>, 710 F.3d 114, 118 (3d Cir. 2013).  The defendant bears the burden of showing that no claim has been presented.  <u>Hedges v. U.S.</u>, 404 F.3d 744, 750 (3d Cir. 2005) (citing <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## II. <u>DEFENDANT'S MOTION IMPROPERLY RELIES UPON EXTRINSIC EVIDENCE</u>

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.  <u>Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.</u>, 181 F.3d 410, 426 (3d Cir. 1999).  On a motion to dismiss the Court may not "consider matters extraneous to the pleadings."  <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir.1997).  An exception to this general rule is that the Court may consider: (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint.  <u>Angstadt v. Midd-West Sch.</u>

<u>Dist.</u>, 377 F.3d 338, 342 (3d Cir. 2004) (citation omitted); <u>Beverly Enters., Inc. v. Trump</u>,

182 F.3d 183, 190 n. 3 (3d Cir. 1999); <u>Pension Benefit Guar. Corp. v. White Consol.</u>

<u>Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).

 In support of its Motion, Defendant has attached a Certification of Kathleen M.

Magoon.  Attached to the Magoon Certification is a series of Exhibits identified as

Exhibits A-G, which includes among other things a copy of the promissory note, the

mortgage, payment statement, etc.  All of these documents are extraneous to the

pleadings, and not subject to an exception.  As such, the Court may not consider any of

these exhibits for purposes of the present motion to dismiss.

### III.   PLAINTIFF HAS STATED A CLAIM THAT THE OCTOBER 21, 2019 COLLECTION LETTER VIOLATES THE FDCPA

 Defendant argues that the Collection Letter does not violate the FDCPA.

However, this argument is without merit.

### A.   Plaintiff has Stated a Claim that the Collection Letter Violates Section 1692g

 Defendant's Collection Letter was Defendant's initial written communication.  As

such, the Collection was required to comply with section 1692g.  Contrary to Defendant's

argument, Plaintiff's complaint alleges at least two violations of section 1692g.

 Section1692g of the FDCPA provides:

**(a) Notice of debt; contents.**  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be

assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. 1692g.

### 1.   Section 1692g does not have a Materiality Requirement

Defendant contends that all violation of the FDCPA must be material.  However, this is not true in the Third Circuit and the "materiality" requirement has been found not to apply to section 1692g.  New Jersey District Courts have routinely found that the materiality requirement does not apply to FDCPA claims brought under section 1692g. See, Cohen v. Dynamic Recovery Solutions, 2016 U.S. Dist. LEXIS 97016, *13 (D.N.J. July 15, 2016) ("Jensen only discusses the materiality requirement with respect to claims involving § 1692e, and does not address claims under other sections of the FDCPA" including claims under section 1692g); Thomas v. Youderian, 232 F. Supp. 3d 656, 680 fn. 25 (D.N.J. Feb. 3, 2017) (Refusing to apply the materiality requirement to section 1692g since, "Recent authority in this district, however, has confined that requirement to Section 1692e only"); Grubb v. Green Tree Servicing, LLC, 2017 U.S. Dist. LEXIS 117465, *37 fn. (D.N.J. July 26, 2017) (noting that the Jensen Court's materiality requirement was confined to section 1692e).

As such, none of Plaintiff's claims under section 1692g are subject to a materiality requirement.

### 2.    Plaintiff has alleged a violation of 1692g(a)(1)

Under section 1692g(a)(1), the initial written communication, must inform the consumer as to the amount of the debt.  15 U.S.C. 1692g(a)(1).  The statutory notice must be conveyed effectively.  <u>Graziano v. Harrison</u>, 950 F.2d 107, 111 (3d Cir. 1991).

Plaintiff has alleged that the Collection Letter fails to provide the amount of the debt as of the date of the Collection Letter.  (¶¶ 31-32).  As such, Plaintiff has properly alleged a violation of section 1692g(a)(1).

### 3.    Plaintiff has alleged a violation of 1692g(a)(3)

Section 1692g(a)(3) of the FDCPA requires:

> a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

15 U.S.C. 1692g(a)(3).

In an attempt to comply with this provision, the Collection Letter included the following language:

> The Fair Debt Collection Practices Act entitles you to dispute the validity of the debt, or any portion thereof, within thirty (30) days of your receipt of this notice. If you do not dispute the debt within that period, it will be presumed to be valid by this office.

("the Debt Dispute Language")

At first glance, Defendant's Debt Dispute Language looks similar to the language required by 1692g(a)(3).  However, in fact the Debt Dispute Language fails to comply with the requirements of section 1692g(a)(3).  Specifically, the implication of the Debt Dispute Language is that the debtor only has 30 days from the receipt of the collection letter under the Fair Debt Collection Practices Act to dispute the debt or any portion thereof.  This is far different from the notice required under 1692g(a)(3) which provides

that the collector can assume the debt is valid, unless the debt, or any portion thereof, is disputed within 30 days. In its letter, Defendant has broken 1692g(a)(3) disclosure into two separate sentences and by doing so has substantially changed its meaning.

The first sentence of Defendant's Debt Dispute Language states that the FDCPA entitles the consumer to dispute the validity of the debt, or any portion thereof, within 30 days of receipt of the letter. However, this is clearly not true. A consumer has the right to dispute the debt at anytime -- not just within 30 days of receipt of the letter.[2] It is just that under 1692g(a)(3) if the consumer does not dispute the debt within 30 days of receipt of the letter, then the debt collector can assume the debt to be valid. In fact, under section 1692c(c) of the FDCPA, if the consumer notifies the debt collector in writing that the consumer refused to pay a debt or that the consumer wishes the debt collector to cease further communications with the consumer, the debt collector shall not communicate further with the consumer with respect to the debt unless solely for one of three limited purposes. 15 U.S.C. 1692c(c).

By Defendant's inclusion of a "." in the middle of what should be the 1692g(a)(3) disclosure, and thus parsing the language into two separate sentences, the Debt Dispute Language of the Collection Letter fails to comply with the 1692g(a)(3) disclosure requirement. As written in the Collection Letter, the Debt Dispute Language would lead the least sophisticated consumer to believe that a dispute for **any purpose** could only be made within 30 days, when in fact section 1692g(a)(3) only states that failure to make a dispute within 30 days allows the debt collector to presume the debt is valid.

---

[2] As discussed later on, under section 1692e(8), if a consumer disputes a debt with a debt collector, that dispute must be reported to the credit reporting agencies. However, under this section, there is no requirement that the dispute be made within 30 days in order to obligate the debt collector to report the dispute to the credit reporting agencies.

Thus, based upon the foregoing, Plaintiff has properly alleged a violation of sections 1692g(a)(1) and (a)(3).

**B.  Plaintiff has Stated a Claim that the Collection Letter Violates Section 1692e**

Defendant summarily alleges that Plaintiff has failed to allege a violation of section 1692e and its subsections with respect to the Collection Letter.  (Def. Brief at p. 10-14)  Yet, Defendant fails to provide any specificity as to why Plaintiff has failed to allege a violation of section 1692e.

Unlike section 1692g, section 1692e contains an additional materiality requirement.  However, the section 1692e materiality requirement "is simply a corollary of the well-established least sophisticated debtor' standard."  Jensen v. Pressler & Pressler, 791 F.3d 413, 418 (3d Cir. 2015).  A statement in a communication is material if it is capable of influencing the decision of the least sophisticated debtor.  Id. at 420-21.  That is not a high bar. Id. at 422.  "[T]he materiality requirement, correctly applied, effectuates the purpose of the FDCPA by precluding only claims based on hypertechnical misstatements under § 1692e that would not affect the actions of even the least sophisticated debtor."  Id.  A communication potentially giving rise to claims under the FDCPA should be analyzed from the perspective of the least sophisticated debtor.  Brown v. Card Serv. Ctr., 464 F.3d 450, 454 (3d Cir. 2006).

**1.  Plaintiff as Stated a Claim under section 1692e(2)**

Under section 1692e(2), it is a violation of the FDCPA to falsely represent the character, amount or legal status of any debt.

In Grubb v. Green Tree Servicing, LLC, 2017 U.S. Dist. LEXIS 117465 (D.N.J. July 27, 2017), the debt collector sent the debtor a collection letter seeking to collect on a

defaulted mortgage.  The Plaintiff sued the Defendant under the FDCPA, since the collection letter failed to accurately state the amount of the loan.  In denying the debt collector's motion for summary judgment, the Court found that, "the failure to accurately represent an amount owed in a communication to a debtor, or failure to provide an explanation as to how that amount was calculated, are material errors under the FDCPA." Id. at *36.  The court went on further to state that the, "misleading information contained in Defendant's debt validation notice – which failed to clearly state an amount owed by Plaintiff, or to provide a calculation as to how that amount was determined—are material because that information is capable of influencing the least sophisticated debtor."  Id. at 37.  Finally, the court concluded,  "[t]hus, a debt collection letter which solely provides for the "total due," without providing an explanation as to how that amount was calculated, fails to provide the least sophisticated debtor with an adequate basis to dispute whether the alleged debt was properly configured, and, in turn, whether that debt should be challenged.'  Id. at 38; Thus, the court found that Plaintiff had a claim under section 1692e(2), where the Defendant misrepresented the amount of the debt with respect to a mortgage and that this misrepresentation was material.  See also, Genova v. IC Sys., 2017 U.S. Dist. LEXIS 80046, *19 (D.N.J. May 25, 2017) (Plaintiff's claim that Defendant's seeking to collect a collection charge which it was not entitled to collect satisfied the materiality requirement under section 1692e(2)(A); Thomas v. Youderian, 232 F.Supp.3d 656, 678 (D.N.J. 2017) (Plaintiff found to have stated claims under section 1692e(2)(A)).

    In the present case, Plaintiff alleged that the Collection Letter failed to properly state the amount owed on the mortgage.  (Compl., ¶ 31-32).  As such, Plaintiff has alleged a violation of section 1692e(2).

### 2. **Plaintiff has Stated a claim under section 1692e(8)**

Section 1692e(8) of the FDCPA provides:

Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a **disputed debt is disputed.**

15 U.S.C. 1692e(8). (emphasis added)

Thus, under section 1692e(8), it is a violation for a debt collector to fail to communicate that a debt is disputed.  As discussed above with respect to section 1692g(a)(3), the Collection Letter indicates that the consumer **is only entitled** to dispute the debt within 30 days of receipt.  Based upon the Collection Letter, the least sophisticated consumer would be lead to believe that once the 30 day period set forth in the letter passes, he or she could not make any further disputes to the debt collector, and that the debt could no longer be disputed with a credit reporting agency.  However, the Debt Dispute Language in the Collection Letter is incorrect, since a debt collector has a continuing obligation to communicate to the credit reporting agencies that a debt is disputed.

Therefore, for the foregoing reasons, Plaintiff has stated a claim under section 1692e(8).

### 3. **Plaintiff has Stated a claim under section 1692e(10)**

Under section 1692e(10) it is a violation of the FDCPA to use any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.  Section 1692e(10) is similar to section 1692e.  Thus, the aforementioned conduct which violates section 1692e, also necessarily violates 1692e(10).

IV.     **PLAINTIFF HAS STATED A CLAIM UNDER THE FDCPA WITH RESPECT TO THE STATE COURT FORECLOSURE ACTION**

Defendant also argues that Plaintiff has failed to state a cause of action under the FDCPA with respect to the State Court Action.

Defendant filed a state court foreclosure complaint against Plaintiff.  After no answer was filed on behalf of Plaintiff in the State Court Action, on February 14, 2020, Defendant filed a Request to Enter Default.  However, the state court never entered default on behalf of Defendant.  Subsequently, Defendant sent Plaintiff a Notice of Motion for Final Judgment.  However, the Motion for Final Judgment incorrectly indicated that the amount due was $95,800.99.  While the Motion for Final Judgment was served upon Plaintiff, it was never filed with the Court.   Furthermore, the docket in the State Court Action did not indicate that a default was ever entered against Plaintiff in response to Defendant's Request to Enter Default.  The fact that the Motion for Final Judgment was served, but never filed, would lead the least sophisticated consumer to believe that judgment would be entered against him or her if no timely objection was filed to the motion.  Additionally, since no default was ever entered against Plaintiff, Defendant could not file or serve the Motion for Final Judgment.

A.  **Plaintiff has stated a Claim that the Collection Violates Section 1692e**

Plaintiff has alleged that the filings in the state court action violated multiple subsections of 1692e of the FDCPA.

1.  **Plaintiff has stated a claim under Section 1692e(2)**

The Complaint alleges that the Motion for Final Judgement in the State Court Action improperly indicates that the amount due was $95,800.99.  (Compl., ¶¶ 37, 40).  As such, Plaintiff has alleged violation of section 1692e(2)(A) of the FDCPA.

12

2. **Plaintiff has stated a claim under section 1692e(5)**

Under section 1692e(5), it is a violation of the FDCPA to threaten, "to take any action that cannot legally be taken or that is not intended to be taken." Courts in this Circuit have routinely found that threats to take an action that were not actually taken can constitute violations of 1692e and its subsections. See, e.g. Brown v. Card Serv. Ctr., 464 F.3d 450, 455 (3d Cir. 2006) (reversing District Court's granting of Motion to Dismiss as to 1692e(5) claim because it concluded that it would be deceptive under the FDCPA for the debt collector to assert that it could take an action that it had no intention of taking and has never or very rarely taken before); Crossley v. Lieberman, 868 F.2d 566, 567 (3d Cir. 1989) (finding an FDCPA violation where a letter falsely stated, "Unless I receive payment in full within one week from the date of this letter, I will be compelled to proceed with suit against you."); Piccinetti v. Clayton, 2017 U.S. Dist. LEXIS 143463, *5-6 (D.N.J. Sept. 5, 2017) (motion to dismiss 1692e(5) claim denied where collection letter threatened to take action if debt not settled within 10 days, but suit not filed until 9 months later); Pollak v. PRA, LLC, 285 F.Supp.3d 812 (D.N.J. 2018).

In New Jersey State Court practice, the process of obtaining a default judgment is two steps. First, a default must be entered against the Defendant. Second, once a default has been entered, the Plaintiff can then move to have a default judgment entered against the Defendant. Thus, in order to receive a default judgment, a default must first be requested and then entered against the Defendant, before a Default Judgment can be requested. Additionally, in New Jersey State Court, a copy of the motion to enter default judgment must be both filed with the Court and also served on the Defendant, similar to the motion filing and service process in federal court.

In the present case, no default was ever entered against the Plaintiff in the state court foreclosure action prior to the service of the Motion for Final Judgment.  As such, the Defendant was precluded from moving for a default judgment at the time it served the Motion for Final Judgment.  Additionally, the Motion for Final Judgment was served on Plaintiff, but never filed with the Court.  Upon receiving a copy of the Motion for Final Judgment in the mail, the least sophisticated consumer would believe that the Motion for Final Judgment was actually filed with the Court.

Thus, Defendant's conduct of seeking a default judgment prior to the entry of default and the service of a Motion for a Final Judgment without actually filing such a motion is a threat to take or taking an action which cannot legally be taken or intended to be taken in violation of 1692e(5).

Therefore, Plaintiff has alleged a violation under section 1692e(5).

3.   **Plaintiff has stated a claim under section 1692e(13)**

Under section 1692e(13), the false representation or implication that documents are legal process is a violation of the FDCPA.

In the present case, Defendant mailed, but did not file the Motion for Final Judgment.  The least sophisticated consumer receiving a copy of the Motion for Final Judgment would believe that the motion was pending before the Court, when in fact no such motion had ever been filed with the court.  Such conduct falsely implies that a motion was pending with the court and that Plaintiff would be obligated to respond.

As such, Plaintiff has stated a claim under section 1692e(13).

**B.** **Plaintiff Has Stated A Claim that the Collection Letter Violates Section 1692f**

Section 1692f prohibits the use of 'unfair or unconscionable means to collect or attempt to collect any debt.   Subsection f(1) makes it a violation by, "[t]he collection of any amount (including any interest, fee, charge, or expense . . .) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.'"  Courts in this Circuit and elsewhere have routinely found violations of these sections when Defendants have sought to collect amounts for more than they were entitled to.

See, Kaymark v. Bank of America, 783 F.3d 168 (3d Cir. 2015) (reversal of the lower court's dismissal of claims under sections 1692e(2)(A), 1692e(10), and 1692f(1) where the foreclosure attorneys included in the state foreclosure complaint a current balance stating attorney fees and property inspection fees for work that had not yet been performed, notwithstanding the fact that the amounts recited were later actually incurred and were admittedly reasonable); Salvati v. Deutsche Bank Nat'l Trust Co., 575 Fed. Appx. 49 (3d Cir. 2014) (consumer stated a claim where a collection law firm asserted a right to attorney fees that were not allowed by state law.  Similarly, a debt collector cannot collect interest and late fees which are in excess of what is allowed to by state law. (Pollice v. National Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000) (Third Circuit held that the interest and late charges imposed by the collection agency exceeded a state limitation of 10% and violated section 1692f(1)); Hageman v. Barton, 817 F.3d 611 (8th Cir. 2016) (consumer stated § 1692f(1) claim based upon interest and costs sought by collection attorney in garnishment proceeding that substantially exceeded interest authorized by Missouri default judgment); Tesora v. Lyons, Doughty, Veldhuis, P.C., 2017 WL 3207060 (D.N.J. July 28, 2017) (denying motion to dismiss where one

15

reasonable reading of the letter, was that $821.82 (the amount of the underlying judgment) plus $35 (the collection law firm's collection fee) was the amount that had to be paid to satisfy the judgment, when the $35 fee was not to satisfy the judgment); Genova v. IC Sys., Inc., 2017 WL 2289289 (D.N.J. May 25, 2017) (denying dismissal of the §§ 1692e (2)(A) and 1692f(1) claims where the collection agency included in the "BALANCE DUE" a 17% "collection fee" that represented the agency's anticipated compensation, but contract authorized a lender to seek costs incurred.

Contrary to Defendant's claims, the materiality requirement does not apply to claims under 1692f.  See, Thomas v. Youderian,  232 F. Supp. 3d 656, 676  (D.N.J. 2017) (there is no substantial issue of materiality with respect to 1692f; "if the fee is not authorized by statute or contract, the implied representation that it was must be material"); Genova v. IC Sys., 2017 U.S. Dist. LEXIS 80046, *13 fn. 6. (D.N.J. May 25, 2017) (materiality does not apply to claims under section 1692f); Grubb v. Green Tree Servicing, LLC, 2017 U.S. Dist. LEXIS 117465, *37 fn. 5 (D.N.J. July 27, 2017); Cohen v. Dynamic Recovery Solutions,  2016 U.S. Dist. LEXIS 97016, at *14 (D.N.J. July 15, 2016).

In the present action, the Complaint alleged that the Motion for Final Judgment in the State Court Action incorrectly indicated that the amount due was $95,800.99. (Complaint ¶¶ 37, 40).  As such, Plaintiff has alleged a claim under sections 1692(f) and 1692f(1).

**V.  SINCE NEW JERSEY IS A JUDICIAL FORECLOSURE STATE, DEFENDANT IS CONSIDERED A DEBT COLLECTOR WITHIN THE MEANING OF THE FDCPA**

Defendant argues that the State Court Action is not subject to the FDCPA since it was an action to enforce a security interest.  (Def. Brief at p. 13).  However, this is incorrect and Defendant's argument thus fails.

While Defendant cites to several out of state cases to support its argument, Defendant fails to cite to the United States Supreme Court case of Obduskey v. McCarthy & Holthus LLP, 139 S. Ct. 1029, 203 L. Ed. 2d 390 (2019) and the Third Circuit's opinion in Kaymark v. Bank of America, N. A., 783 F. 3d 168, 179 ((3d Cir. 2015).

In Kaymark, the Defendant debt collection law firm initiated a foreclosure proceeding against the debtor in Pennsylvania state court listing certain fees that had not been incurred as due and owing.  Subsequently, the Plaintiff debtor then filed an FDCPA lawsuit in federal court alleging among other things that the state court foreclosure complaint violated the FDCPA.  The Third Circuit concluded that that the FDCPA does not exclude foreclosure complaints from its purview and reversed the dismissal of the debtor's section 1692e(2)(A), e(10) and 1692f(1) claims.  The Third Circuit decision did not make a distinction as to whether the foreclosure was a judicial or a non-judicial foreclosure.

In Obdusky, the U.S. Supreme Court addressed the issue of whether the FDCPA was applicable to non-judicial foreclosures.  The Court looked to the FDCPA's definition of "debt collector" to determine the extent of a foreclosure law firm's liability for violation of the FDCPA in the context of a non-judicial foreclosure.  The Court held that a law firm whose principal purpose was enforcing security interests in non-judicial

foreclosures was outside the scope of the definition of a debt collector and thus not subject to the FDCPA.  However, the Court did not make any determination as to whether he FDCPA applied to foreclosure law firms who were collecting by way of judicial foreclosure.

New Jersey is a judicial foreclosure state.  La Mar v. Midfirst Bank, 2016 U.S. Dist. LEXIS 28867, *5 fn. 4 (D.N.J. March 7, 2016).  As such, even after Obduskey , the Kaymark decision is still good law with respect to judicial foreclosure, and thus a debt collection law firm is subject to the FDCPA in a judicial foreclosure case.

In Lloyd v. Pluese, Becker, Saltzman LLC, 2019 U.S. Dist. LEXIS 199214 (D.N.J.  Nov. 18, 2019), decided after Obduskey, the New Jersey District Court rejected the Defendant's argument that law firms enforcing a security interests on behalf of their clients in judicial foreclosures were also not "debt collectors" under the FDCPA's primary definition.  The Lloyd Court stated that judicial foreclosures are "meaningfully distinguishable from nonjudicial foreclosures in a manner that is inconsistent with extending Obduskey's reasoning."  Id. at *5.   In reaching its decision, the Lloyd court relied on other courts which refused to extend Obduskey to judicial foreclosures.  See, Berg v. McCalla Raymer Leibert Pierce, LLC, 2019 U.S. Dist. LEXIS 187993, 2019 WL 5592720 at *2 n.2 (N.D. Ill. Oct. 30, 2019) (observing in dicta that Obduskey's "holding expressly did not affect cases involving judicial foreclosure proceedings as here."); Gold v. Shapiro, Dicaro & Barak, LLC, 2019 U.S. Dist. LEXIS 169028, 2019 WL 4752093 at *6 (E.D.N.Y. Sept. 30, 2019) (distinguishing judicial and nonjudicial foreclosures and declining to extend Obduskey's holding to the judicial foreclosure context); Flowers v. Baltax 2017, LLC, 2019 U.S. Dist. LEXIS 129347, 2019 WL 3501584 at *4 (D. Md.

August 1, 2019) (in an FDCPA case premised on actions taken by a law firm in a judicial foreclosure, holding that "Obduskey does not mandate dismissal of Plaintiff's FDCPA claims.").  Thus, the FDCPA applies to Defendant's State Court Action, since the it was a judicial foreclosure.

Therefore, based upon the foregoing, Plaintiff has stated claims under the FDCPA with respect to the State Court Action.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint must be denied in its entirety.

Dated:  April 29, 2021

Respectfully submitted,


By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ  07070
    (201) 507-6300
    *Attorney for Plaintiff*