

**LOGS Legal Group LLP**
Attorneys at Law

14000 Commerce Parkway, Suite B
Mount Laurel, New Jersey 08054
Tel: (856) 793-3080 • Fax: (847) 627-8809

**Partners**
Gerald M. Shapiro (licensed in FL, IL)
David S. Kreisman (licensed in IL)

**Managing Partner**
Christopher A. DeNardo (licensed in NJ, PA)

May 5, 2021

Hon. Robert B. Kugler
U.S. District Court of New Jersey
Martin Luther King Building & U.S. Court House
50 Walnut Street
Newark, NJ 07101

    Re:    <u>ENNIS V. SHAPIRO & DeNARDO, LLC</u>
              Civil Action No. 1:20-CV-14788-RBK-KMW

    Our File No:    19-026565
    Docket Number:    1:20-cv-14788

Dear Judge Kugler:

      Defendant, LOGS Legal Group LLP, f/k/a Shapiro & DeNardo, LLC respectfully requests Your Honor accept this brief letter memorandum in lieu of a more formal response to Plaintiff's Opposition to our Motion to Dismiss the Complaint. LOGS respectfully incorporates by reference the prior submission in this matter.

      Plaintiff incorrectly defines the correspondence sent as "the Collection Letter" when in fact the correspondence is a Validation Notice sent to inform the consumer of their rights in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 (FDCPA). The Validation Notice

The Hon. Robert B. Kugler, U.S.D.J.
ENNIS V. SHAPIRO & DeNARDO, LLC
Dkt. No. 20-14778
May 6, 2021
Page 2

is not demand letter nor is it served with an intention to demand or to collect a debt.

Section 1692g of the Fair Debt Collection Practices Act provides:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> **(1) the amount of the debt;**
> (2) the name of the creditor to whom the debt is owed;
> **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C.S. § 1692g (emphasis added)

The simple fact is the Validation Notice served upon Plaintiff meets the requirements provided in §1692g. LOGS' Validation Notice informed Plaintiff of the amount of the debt as advised by its client, and in accordance with §1692g(a)(1).

The Hon. Robert B. Kugler, U.S.D.J.
<u>ENNIS V. SHAPIRO & DeNARDO, LLC</u>
Dkt. No. 20-14778
May 6, 2021
Page 3

    LOGS made no representation as to the validity or accuracy of the debt; it solely presented to Plaintiff the amount its client advised was the amount due.

    The Validation Notice specifically provides the right "to dispute the validity of the debt, or any portion thereof, within (30) days of your receipt of this notice.  If you do not dispute the debt within that period, it will be presumed valid by this office."

    In part, §1692g(a)(3) permits a debt collector to validate the debt, while at the same time, it defines the consumer's rights and outlines the actions the consumer must take to advise the debt collector that she or he disputes the validity of the debt.  §1692g imposes no requirement on the debt collector to report any "disputed debt" as Plaintiff incorrectly implies. Plaintiff's Brief at p 8, footnote 2.

    In addition to Plaintiff's improper characterization of LOGS' Validation Notice as "the Collection Letter", Plaintiff misinterprets its language imposing an ongoing reporting requirement to make her argument that the provision within LOGS' Validation Notice would injure the least sophisticated consumer. Plaintiff's inaccurate and tortured argument that

The Hon. Robert B. Kugler, U.S.D.J.
<u>ENNIS V. SHAPIRO & DeNARDO, LLC</u>
Dkt. No. 20-14778
May 6, 2021
Page 4

inserting a "period" misleads Plaintiff is not only incorrect; it is irrelevant and inapplicable to the case at bar.[1]

LOGS contends the Validation Notice was proper and therefore Plaintiff's allegations the Validation Notice violates §1692e, §1692e(2), §1692e(8), and §1692e(10) fail.

Plaintiff's contention LOGS improperly relies upon extrinsic evidence, is without merit. A court may consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to *dismiss if the plaintiff's claims are based on the document*." <u>Gremo v. Bayer Corp.</u>, 469 F. Supp. 3d 240, 249 (D.N.J. 2020) citing <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).

---

[1] In footnote 2, Plaintiff asserts her interpretation of the Validation notice implicates a violation of 1692e(8), because it misleads a consumer into believing the Debt Collector is relieved of its obligations to report a debt is disputed if such dispute is not made within the 30 day timeframe. Section 1692e(8) provides in pertinent part that a debt collector would violate this section of the act by:

> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

Thus, this section applies where a Debt Collector reports or threatens to report credit information to a credit reporting agency and fails to communicate the debt is disputed. Thus, a condition precedent to the application of this section to a Debt Collector is where such entity reports or threatens to report credit information which is inapplicable to Defendant's practice.

The Hon. Robert B. Kugler, U.S.D.J.
ENNIS V. SHAPIRO & DeNARDO, LLC
Dkt. No. 20-14778
May 6, 2021
Page 5

"No court has undertaken to articulate a bright line for when a plaintiff's claims are 'based on' a document, as opposed to merely making reference to it. However, courts have admitted documents that are central to a plaintiff's theory but were either mischaracterized in the complaint or directly undermine a plaintiff's allegations." *See, e.g.,* Swope v. Northumberland Nat. Bank, 625 F. App'x 83, 86 (3d Cir. 2015) (district court properly considered documents demonstrating the bank properly calculated the value of accumulated interest); In re Caribbean Petroleum Corp., 580 F. App'x 82, 89 (3d Cir. 2014) (district court could properly consider filings in other proceedings that demonstrated a party received notice); *Freedman v. Redstone*, 753 F.3d 416, 423 (3d Cir. 2014) (in shareholder complaint about executive compensation, district court properly considered compensation plan, proxy statement, and certificate of incorporation); *Miller v. Clinton Cry.*, 544 F.3d 542, 550-51 (3d Cir. 2008) (letter attached as an exhibit by the defendant could be considered because plaintiff's claim was based "only upon that letter," Hill v. Corinthian Condo. Ass'n, No. 20-2242, 2021 U.S. Dist. LEXIS 55236, at *8 (E.D. Pa. Mar. 24, 2021)

The documents attached as exhibits to the Motion to Dismiss were included to address mischaracterizations made throughout

The Hon. Robert B. Kugler, U.S.D.J.
ENNIS V. SHAPIRO & DeNARDO, LLC
Dkt. No. 20-14778
May 6, 2021
Page 6

Plaintiff's complaint and therefore should be considered in its Motion to Dismiss.

LOGS further contends Plaintiff has set forth no claim with respect to the State Court action and therefore Plaintiff's allegations that LOGS violated §1692e, §1692e(2), §1692e(5), §1692e(13), and §1692f also fail.

Plaintiff cites Obduskey v. McCarthy & Holthus LLP, 139 S. Ct. 1029, 203 L.Ed.2d 390 (2019). This Supreme Court case makes the distinction between a judicial foreclosure and a non-judicial foreclosure. In reaching its decision the Court found that those who engage in enforcement of a security interest in a non-judicial foreclosure do not meet the definition of a debt collector as defined by the FDCPA.  Yet, at the same time the Court held that whether extending this decision to those who enforce a security interest on behalf of its clients in a judicial proceeding "is a question for another day." Id. 1039.

Plaintiff also cites Lloyd v. Pluese, Becker, Saltzman, LLC, No. 18-9420 (RMB/AMD), 2019 U.S. Dist. LEXIS 199214 (D.N.J. Nov. 18, 2019).  In Lloyd, the District Court refused to extend the application of Obduskey to a judicial foreclosure.  The Court in making its decision in Lloyd, relied on the few cases

The Hon. Robert B. Kugler, U.S.D.J.
ENNIS V. SHAPIRO & DeNARDO, LLC
Dkt. No. 20-14778
May 6, 2021
Page 7

that failed to extend Obduskey to a judicial foreclosure in the eight-month period after Obduskey had been decided. See Berg v. McCalla Raymer Leibert Pierce, LLC, 2019 U.S. Dist. LEXIS 187993, 2019 WL 5592720 at *2 n.2 (N.D. Ill. Oct. 30, 2019) observing in dicta that Obduskey's "holding expressly did not (affect cases involving judicial foreclosure proceedings as here."); Gold v. Shapiro, Dicaro & Barak, LLC, 2019 U.S. Dist. LEXIS 169028, 2019 WL 4752093 at *6 (E.D.N.Y. Sept. 30, 2019) (distinguishing judicial and nonjudicial foreclosures and declining to extend Obduskey's holding to the judicial foreclosure context); Flowers v. Baltax 2017, LLC, 2019 U.S. Dist. LEXIS 129347, 2019 WL 3501584 at *4 (D. Md. August 1, 2019) (in an FDCPA case premised on actions taken by a law firm in a judicial foreclosure, holding that "Obduskey does not mandate dismissal of Plaintiff's FDCPA claims.").

    Yet, shortly after the Supreme Court decided Obduskey and the District Court made its decision in Lloyd, the 9th Circuit Court of Appeals in Barnes v. Routh Crabtree Olsen PC, 963 F.3d 993 (9th Cir. 2020), found that if the proceeding does not seek to recover a deficiency judgment, it is not a form of debt collection.  In making its decision, the Court held that the

The Hon. Robert B. Kugler, U.S.D.J.
ENNIS V. SHAPIRO & DeNARDO, LLC
Dkt. No. 20-14778
May 6, 2021
Page 8

*central question to determine whether the FDCPA is applicable,* is not whether the foreclosure action is judicial or non-judicial, instead, the determinable factor is whether the action also seeks to recover a deficiency, or if it is solely an action to enforce a security interest.

In reaching its decision the Court in Barnes found the "key takeaway from these statutory definitions is that the FDCPA regulates people or entities whose principal business is collecting, or who regularly collect, money owed by a consumer to a third party." Id. 998.
In Barnes, the Court identified the distinction between an action on the note which demands monetary compensation and enforcement of a security interest which does not. And, additionally found "courts have long recognized the 'very palpable distinction' between security interests and the debts they secure". Woodson v. Murdock, 89 U.S. (22 Wall.) 351, 370, 22 L. Ed. 716 (1874); see, e.g., Long v. Bullard, 117 U.S. 617, 621, 6 S. Ct. 917, 29 L. Ed. 1004 (1886). "The respective rights and obligations are related yet distinct. While the deed of trust creates a lien on the property to secure the creditor's right to repayment, the note makes the debtor personally liable

The Hon. Robert B. Kugler, U.S.D.J.
ENNIS V. SHAPIRO & DeNARDO, LLC
Dkt. No. 20-14778
May 6, 2021
Page 9

for loan." See *Brandrup v. ReconTrust Co., N.A., 353 Ore. 668, 303 P.3d 301, 305, 314 (Or. 2013)*. "Consider, for instance, the repo man who tows a car subject to a security **[\*\*9]** agreement, thereby exercising the creditor's right to retake the property, without attempting to collect on the defaulted loan." See *Obduskey, 139 S. Ct. at 1038*. Foreclosure is the analogous procedure for repossessing real property. As we have explained, the remedy of foreclosure authorizes a creditor "to retake and resell the security, not to collect money from the borrower." *Ho, 858 F.3d at 571*. Id.

Notably, Barnes made it clear that "unless a deficiency judgment is on the table in the proceeding, a person judicially enforcing a deed of trust is seeking only the return or sale of the security, not to collect a debt." Id. 998.

Extending the inapplicability of the FDCPA to a judicial foreclosure, the Court of Appeals of Ohio in FV-I, Inc. v. Townsend-Young, 2020-Ohio-5184 (Ct. App.) noted that while not binding, they found Barnes to be instructive in identifying the distinction made between "collecting money", and the "security-interest enforcement". The Court in FV-I found the FDCPA inapplicable if the judicial action is only carried out to

The Hon. Robert B. Kugler, U.S.D.J.
<u>ENNIS V. SHAPIRO & DeNARDO, LLC</u>
Dkt. No. 20-14778
May 6, 2021
Page 10

enforce a security interest, and not in concert with a deficiency action.

In the case at hand, LOGS acted in its capacity as counsel representing its client in the foreclosure to enforce the equitable interest in the mortgaged premises and not in furtherance of an action on the note to collect the debt.

The other action to collect a debt in the State of New Jersey is the deficiency action. This action seeks to obtain the difference between the amount secured at a Sheriff's sale and the amount of the obligation due from the debtor.  Yet, a deficiency action can only be commenced after the conclusion of the foreclosure action and can never commence in concert with it.  Therefore, the judicial foreclosure in State Court should be not be considered an attempt to collect a debt, and as such, the FDCPA should not apply.

Accordingly, for the forgoing reasons, LOGS respectfully request the its Motion to Dismiss with prejudice be granted. Thank you for your consideration of this matter.

Respectfully Submitted,

LOGS Legal Group LLP

By:  <u>/s/Kathleen M. Magoon</u>
     Kathleen M. Magoon

Cc: Lawrence C. Hersh, Esq. via ECF