IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LOIS ENNIS aka LOIS EVANS aka LOIS EVANS-ENNIS, on behalf of herself and all others similarly situated, : : : : | |
| Plaintiff, : | Civil No. 20-14788 (RBK/AMD) |
| : | **OPINION** |
| v. : | |
| SHAPIRO & DENARDO, LLC, : : | |
| Defendants. : | |

**KUGLER**, United States District Judge:

Presently before the Court is Defendant's Motion to Dismiss the Complaint (Doc. No. 12). For the reasons set forth below, Defendants' Motion to Dismiss is **DENIED**.

**I.   BACKGROUND**

The following background is taken from the Complaint (Doc. No. 1) and presumed true for the purpose of the pending Motion. On November 9, 2005, Plaintiff Lois Ennis took out a residential mortgage with Wachovia Bank (now Wells Fargo by acquisition). By October 21, 2019, Plaintiff's mortgage debt was in default. On or before October 21, 2019, Wells Fargo placed the mortgage debt for collection and transferred it to Defendant Shapiro & Denardo, LLC (now known as LOGS Legal Group LLP). Defendant is a law firm in the business of debt collection. On October 21, 2019, Defendant sent Plaintiff a letter concerning the debt that stated:

>1. As of October 22, 2019 our client has advised us that the amount of the debt is $89,115.56.
>2. The creditor to whom the debt is owed is Wells Fargo Bank, N.A.
>3. The Fair Debt Collection Practices Act entitles you to dispute the validity of the debt, or any portion thereof, within thirty (30) days of your receipt of this notice. If you do not dispute the debt within that period, it will be presumed to be valid by this office.

1

4. If you notify us in writing within thirty (30) days of the date you receive this letter that you are disputing the debt or any portion thereof, then this office will obtain and mail to you verification of the debt.

5. If you notify us in writing within thirty (30) days of the date you receive the letter, and you request the name of the original creditor, then this office will obtain and mail you the name and address of the original creditor if it is different from the current creditor.

On or about December 11, 2019, Defendant filed a foreclosure action in state court against Plaintiff on behalf of Wells Fargo. *Wells Fargo Bank, N.A. vs. Ennis, et. al*, SWC-F-020224-19. In that action, Plaintiff did not file an answer. On February 14, 2020, Defendant filed a request for default, but that court never entered default. On or about March 19, 2020, Defendant sent Plaintiff a Notice of Motion for Final Judgment; a Certification of Proof of Amount Due and Schedule; and a Civil Action Rule 4:64-2(d) Certification of Diligent Inquiry and accuracy of Foreclosure Documents and Factual Assertions. Defendant's Motion for Final Judgment stated that the amount due was $95,800.99; this amount was incorrect. Defendant sent the Notice of Motion for Final Judgment to Plaintiff but never filed the Motion with the court.

Plaintiff brings a claim for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The subsections under which Plaintiff claims are:

- 15 U.S.C. § 1692e
- 15 U.S.C. § 1692e(2)(A)
- 15 U.S.C. § 1692e(2)(B)
- 15 U.S.C. § 1692e(5)
- 15 U.S.C. § 1692e(8)
- 15 U.S.C. § 1692e(10)
- 15 U.S.C. § 1692e(13)
- 15 U.S.C. § 1692f

- 15 U.S.C. § 1692f(1)
- 15 U.S.C. § 1692g
- 15 U.S.C. § 1692g(a)(1)
- 15 U.S.C. § 1692g(a)(3)

## II.    STANDARD OF REVIEW

Rule 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). Also, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To determine whether a complaint is plausible on its face, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at

3

680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

### III.   DISCUSSION

The FDCPA was enacted "to eliminate abusive debt collection practices which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.'" *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco—General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991) (quoting 15 U.S.C §§1692a and 1692e)). Because the FDCPA is "remedial, … we construe its language broadly, so as to effect its purpose." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 427 (3d Cir. 2018) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)). The FDCPA regulates the conduct of "debt collectors" in their processes to collect "debt." To state claim under the FDCPA, Plaintiff must sufficiently allege that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Tatis*, 882 F.3d at 427 (citing *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

Defendant argues that it is not a "debt collector" within the meaning of the FDCPA because it is an enforcer of a security interest, and enforcers of security interests are considered debt collectors only with respect to portions of the Act not applicable here. The Supreme Court

4

has not resolved the question of whether those who judicially enforce mortgages are "debt collectors." *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1039 (2019). District courts have treated law firms in the business of judicial foreclosures as debt collectors under the FDCPA. *See Lloyd v. Pluese, Becker, Saltzman, LLC*, No. 18-9420, 2019 U.S. Dist. LEXIS 199214, at *4-5 (D.N.J. Nov. 18, 2019) (collecting cases). We will do the same, construing the FDCPA as applicable to Defendant as a "debt collector" and the mortgage as a "debt."

Defendant points to *Barnes v. Routh Crabtree Olsen PC* for the proposition that the pursuit of foreclosure cannot be the basis for FDCPA claims because foreclosure is merely the attempted reclamation of collateral underlying a security. 963 F.3d 993 (9th Cir. 2020). Defendant misapplies this out-of-circuit case. There, defendants sought only to enforce a deed of trust on a foreclosed property, without any pursuit of money repayment. *Id.* at 995. And in that state, defendants could not obtain a deficiency judgment in that type of proceeding. *Id.* at 999-1000. "[U]nless a deficiency judgment is on the table in the proceeding, a person judicially enforcing a deed of trust is seeking only the return or sale of the security, not to collect a debt." *Id.* at 999. Here, Defendant did not seek to enforce a deed of trust. Defendant sought to collect monies due on a mortgage, with additional fees or interest not specified. Moreover, because Defendant pursued a judicial foreclosure, a deficiency judgment was available. Because *Barnes* is factually not on point, it does not change Defendant's status as a "debt collector" under the FDCPA.

15 U.S.C. § 1692 provides in relevant part:

**§ 1692e. False or misleading representations**
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
    (2) The false representation of—
    (A) the character, amount, or legal status of any debt; or

  (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
  (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
  (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
  (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
  (13) The false representation or implication that documents are legal process.

**§ 1692f. Unfair practices**
A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
  (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

**§ 1692g. Validation of debts**
  (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
  (1) the amount of the debt;
  …
  (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

  We evaluate whether a particular debt-collection practice violates the FDCPA under an objective standard of the "least sophisticated debtor… [which] preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care." *Tatis*, 882 F.3d at 427 (citations omitted). In order for a false statement to be actionable under § 1692e, it must be material. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015). The bar for materiality is not "particularly high . . . , the materiality requirement … preclud[es] only claims based on hypertechnical misstatements under § 1692e that would not affect the actions of even the least sophisticated debtor." *Id.* at 421-22 (citation omitted).

Plaintiff alleges that the October 21 letter stated the incorrect amount of debt. As alleged, this is a material violation of §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, 1692f(1), and 1692g(a)(1).

Defendant's October 21 letter included the following sentence: "The Fair Debt Collection Practices Act entitles you to dispute the validity of the debt, or any portion thereof, within thirty (30) days of your receipt of this notice." This misstates the law, seeing as a debtor may dispute their debt at any time; the Fair Debt Collection Practices Act does not impose a deadline to dispute the validity of a debt. The apparent conflation of the debtor's ability to dispute the debt and whether the collector will treat the debt as valid could confuse the least sophisticated debtor as to how deadlines in the Fair Debt Collection Practices Act work. Plaintiff has stated a claim for violation of § 1692g(a)(3). It is plausible that the October 21 letter's insinuation that there is a deadline to dispute the debt insufficiently communicates that the debt is disputed. Therefore a claim under § 1692e(8) is stated as well.

Defendant mailed a Notice of Motion for Final Judgment to Plaintiff without having met the procedural requirements to procure a final judgment and without actually filing the motion in the foreclosure proceeding. It is plausible that this mailing to Plaintiff suggests legal action when no intent for such action existed. As alleged, this is a violation of §§ 1692e(5) and 1692e(13).

### IV.   CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **DENIED**. An order follows.

Dated:  11/15/2021                                                                  /s/ Robert B. Kugler
                                                                                              ROBERT B. KUGLER
                                                                                              United States District Judge