IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LOIS ENNIS aka LOIS EVANS aka LOIS EVANS-ENNIS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHAPIRO & DENARDO, LLC,<br><br>Defendants. | Civil No. 20-14788 (RBK/SAK)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

Presently before the Court is Defendant's Motion for Reconsideration (Doc. No. 17). For the reasons set forth below, the motion is **DENIED**.

## I.   BACKGROUND

The factual background of this matter is set forth in our November 15, 2021 Opinion (Doc. No. 13). On March 9, 2021, Defendant filed a Motion to Dismiss pursuant to FRCP 12(b)(6), (Doc. No. 5), which we denied. (Doc. No. 14). Defendant filed a Motion for Reconsideration on November 29, 2021, arguing that there is a need to correct a clear error of law or fact. (Doc. No. 17–1).

## II.   STANDARD OF REVIEW

Local Civil Rule 7.1(i) permits a party to seek reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i). Reconsideration is "an extraordinary remedy" to be granted "very sparingly." L. Civ. R. 7.1(i) cmt. 6(d) (internal quotations and citations omitted). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that

1

was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café* ex rel. *Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court commits a clear error of law or fact only if the record cannot support the findings that led to the decision. *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008) (citations omitted). Mere disagreement with the court's decision is not a basis for reconsideration. *Ortiz v. Goya Foods, Inc.*, No. 19-cv-19003, 2020 U.S. Dist. LEXIS 201638, at *2 (D.N.J. Sep. 3, 2020) (collecting cases).

### III. DISCUSSION

Defendant argues that reconsideration is warranted and required to correct a clear error of law or fact. These alleged errors appear to be the Court's holdings that Defendant is a "debt collector" for purposes of the FDCPA, and that the Plaintiff has stated plausible claims regarding: (1) the listing of an incorrect amount in the Notice; (2) the misleading language of Paragraph 3 of the Notice; and (3) Defendant's lack of intent to pursue legal action.

***Defendant's Status as a Debt Collector Under the FDCPA***

In its Motion for Reconsideration, Defendant reiterates its prior argument that it is not a debt collector for purposes of the FDCPA. Defendant does not cite any binding precedent in support of its argument, nor does it raise any relevant legal issues that may have been overlooked regarding either the lack of binding Supreme Court authority on the issue or the District of New Jersey's treatment of the issue. Defendant also does not assert that the Court overlooked a factual issue that may have altered the disposition of the matter. Defendant therefore fails to meet its burden of establishing a clear error of law or fact.

*Amount of Debt*

Similarly, Defendant's argument regarding the alleged incorrect amount of debt listed in the Notice is simply a recitation of the arguments made in its original Motion to Dismiss. In both instances, Defendant denied that the stated amount was incorrect, and asserted that even if the amount was incorrect, the difference would not be sufficiently material for purposes of an FDCPA claim. Defendant did not produce any new evidence to support these claims, nor did it point to any legal or factual issues that the Court may have overlooked previously. Defendant again fails to meet its burden of establishing a clear error of law or fact.

*Language of the Notice & § 1692g(a)(3)*

With respect to the Notice's language, Defendant again reiterates its previous position. Defendant states that the Court need not accept as true Plaintiff's "unreasonable" reading of Paragraph 3, noting that the Court should "determine for itself whether such conclusion is reasonable after reviewing the referenced language." As demonstrated by our November 15, 2021, opinion, however, we have already reviewed the referenced language and have determined that Plaintiff's reading was reasonable. A motion for reconsideration is not the appropriate vehicle for expressing "mere disagreement with a court's decision." *Ortiz v. Goya Foods, Inc.*, No. 19-cv-19003, 2020 U.S. Dist. LEXIS 201638, at *2 (D.N.J. Sep. 3, 2020) (collecting cases).

Defendant raises a new argument, namely, that the language they used is similar to language from a Model Notice Form issued by the CFPB in connection with its rule changes to Regulation F in November 2021. As Defendant admits, the language on the Model Notice Form does not match the language in Paragraph 3. The largest similarity between the two provisions is that they both split the language required by § 1692g(a)(3) into two sentences.

Here is the language in Paragraph 3 from the Notice that Defendant sent:

3

"The Fair Debt Collection Practices Act entitles you to dispute the validity of the debt, or any portion thereof, within thirty (30) days of your receipt of this notice. If you do not dispute the debt within that period, it will be presumed to be valid by this office."

Here is the language from the Model Notice Form issued by the CFPB:

"Call or write to us by August 28, 2020, to dispute all or part of the debt. If you do not, we will assume that our information is correct."

Defendant's argument is unpersuasive because the language at issue here, unlike the language supplied by the CFPB, states (falsely) that the Fair Debt Collection Practices Act has a 30-day deadline to dispute the validity of the debt.

### *Intent to Pursue Legal Action*

Finally, Defendant's argues that the Court overlooked a factual issue regarding Defendant's intent to pursue legal action. Defendant mailed a Notice of Motion for Final Judgment to Plaintiff without actually filing the motion. In both its Motion to Dismiss and its Motion for Reconsideration, Defendant explained that it had every intent to move forward with litigation, but that in the time between mailing the Notice of Motion for Final Judgment to Plaintiff and moving forward with filing the Motion, its client (Wells Fargo) instructed it to place the action on hold because of the developing COVID situation.

When Defendant filed a Motion to Dismiss, it asked the Court to evaluate the sufficiency of the Plaintiff's pleadings. We were required to accept all of Plaintiff's factual allegations as true for the purpose of the Motion. Plaintiff alleged that Defendant mailed a Notice of Motion for Final Judgment without ever filing the motion. It would not have been proper to dismiss the Complaint based on additional information supplied by the Defendant that their plans to pursue legal action changed. Defendant's mailing of a Notice of Motion for Final Judgment without filing said

Motion, even in light of COVID, plausibly suggests that Defendant was threatening legal action but did not intend to pursue such action.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for Reconsideration (Doc. No. 17) is **DENIED**. An order follows.

Dated: June 28, 2022                                              /s/ Robert B. Kugler
                                                                  ROBERT B. KUGLER
                                                                  United States District Judge